UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL MACK                                              CIVIL ACTION

VERSUS                                                    NO. 13-552-JWD-RLB

WARDEN BENJAMIN

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel (R. Doc. 39) responses to his first set of Requests for Production of Documents. Defendant filed an Opposition (R. Doc. 41), to which Plaintiff replied (R. Doc. 44). For the reasons discussed below, Plaintiff's Motion to Compel (R. Doc. 39) is **GRANTED IN PART and DENIED IN PART.**

I.  **BACKGROUND**

Plaintiff, an inmate of the Louisiana State Penitentiary (Angola), brings this civil rights action alleging violations of both state and federal law. (R. Doc. 1). According to the Complaint, while Plaintiff was restrained, Defendant Warden Benjamin knocked him to the ground with a punch to the face, and then repeatedly kicked and stomped on him. (R. Doc. 1 at 2-3). Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983 for excessive use of force and unwarranted use of corporal punishment. (R. Doc. 1 at 5-6).

On May 15, 2014, Plaintiff propounded his First Interrogatories and Requests for Production to Defendant. (R. Doc. 41-1). On June 11, 2014, Defendant provided his responses

to this first set of discovery. (R. Doc. 41-3).[1] At issue are Request for Production Nos. 4, 5, 8, 10, 11, and 14.

On October 29, 2014, Plaintiff filed a Motion to Stay in light of a 60-day suspension placed on lead counsel for Plaintiff. (R. Doc. 36).[2] On October 30, 2014, the Court granted Plaintiff's Motion to Stay, and extended the discovery deadline for 30 days. (R. Doc. 38). The Court's order effectively moved the discovery deadline of October 30, 2014 set by the Court's Scheduling Order (R. Doc. 20) to December 1, 2014.

Counsel for the parties held a discovery conference on November 3, 2014 to discuss Defendant's responses. (R. Doc. 41-4). According to Defendant, plaintiff's counsel advised defense counsel of this Court's ruling in another matter on October 24, 2014, which ordered an in-camera inspection of relevant administrative remedies and a disclosure of DOC numbers of inmates. (R. Doc. 41 at 3).[3] Defense counsel informed plaintiff's counsel that Defendant would produce inmate DOC numbers, Defendant's personnel file, use-of-force reports, and ARPs filed against the Defendant if the Court's ruling (which plaintiff's counsel was to provide) supported plaintiff's counsel contention that the documents must be produced. (R. Doc. 41-4).

On November 5, 2014, Plaintiff filed the instant Motion to Compel. (R. Doc. 39). Plaintiff asserts that Defendant has "refused to provide documents as requested" through Requests for Production Nos. 4, 5, 8, 10, 11, and 14. (R. Doc. 39 at 1-2).

---

[1] Plaintiff also submitted Defendant's responses as an attachment to his Motion to Compel. (R. Doc. 39-2). Despite the clear date stamp providing that Plaintiff "received" the document on June 12, 2014 (R. Doc. 39-2 at 1), Plaintiff represents that he received the document on October 29, 2014. (R. Doc. 39 at 1).

[2] Co-Counsel for the suspended lead counsel filed the Motion to Stay (R. Doc. 36) on behalf of Plaintiff. On November 12, 2014, Plaintiff filed his own handwritten Motion to Stay (R. Doc. 40), which has not yet been ruled upon.

[3] *See Harvey v. Davis*, No. 13-311-JJB-RLB (M.D. La. Oct. 24, 2014), ECF No. 66.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1).

### A. Request for Production Nos. 4, 5, and 8

These requests ask Defendant to produce his trial exhibits, documents identified in his answers to the accompanying interrogatives, and any documents referred to or relied upon to formulate responses to the accompanying interrogatories. Plaintiff claims that Defendant has not provided any responsive, non-privileged documents. (R. Doc. 42-2 at 2). Request for Production Nos. 4, 5, and 8, and Defendant's written responses, are as follows:

> **Request for Production No. 4:**
> Please produce any exhibits which you may offer at the trial of the matter.
>
> **Response to Request for Production No. 4:**
> The defendant objects that this Request for Production is premature as discovery is ongoing. Without waiving this objection, see all responses to Interrogatories and Request for Production of Documents. The defendant will supplement in accordance with normal pre-trial procedure.
>
> **Request for Production No. 5:**
> Please produce each document identified in your answers to interrogatories above.
>
> **Response to Request for Production No. 5:**
> See attached documents. The defendant will supplement in accordance with normal pre-trial procedure.
>
> **Request for Production No. 8:**
> Produce copies of all documents referred to or relied upon in formulating your responses to the interrogatories propounded to you.

**Response to Request for Production No. 8:**
See answer to Request Number 5.

Request for Production No. 4 seeks production of the exhibits that Defendant may offer at trial. Defendant properly objected to this discovery request. If this action goes to trial, the Court will order the parties to provide an exhibit list through an appropriate pre-trial order. Accordingly, Plaintiff's Motion is **DENIED** with respect to Request for Production No. 4.

Request for Production No. 5 seeks production of each document identified in Defendant's answers to the accompanying interrogatories. Defendant responded by producing documents and referring Plaintiff to those documents in his written response. Plaintiff has not identified any documents identified in Defendant's interrogatory responses that were not produced. Defendant represented that he will supplement his production "in accordance with normal pre-trial procedure," which places a continuing duty on parties to supplement discovery responses. *See* Fed. R. Civ. P. 26(e)(1)(A). Accordingly, Plaintiff's Motion is **DENIED** with respect to Request for Production No. 5.

Request for Production No. 8 seeks production of each document referred to or relied upon in formulating Defendant's answers to the accompanying interrogatories. Defendant's response to this request for production refers Plaintiff to Defendant's' response to Request for Production No. 5. Plaintiff has not indicated why the document production by Defendant in response to this request is insufficient. Defendant has represented that they have produced all documents responsive to this request on June 13, 2014. (R. Doc. 41 at 2). Accordingly, Plaintiff's Motion is **DENIED** with respect to Request for Production No. 8.

### B.     Request for Production Nos. 11 and 14

These requests ask Defendant to produce certain inmate logs and ARPS. Request for Production Nos. 11 and 14, and Defendant's written responses, are as follows:

**Request for Production No. 11:**
Please produce the inmate log, with inmate name and DOC number, for all inmates on the downstairs lobby on November 30, 2012.

**Response to Request for Production No. 11:**
The defendant objects that this [Request for Production] seeks information related to the security of the institution and to the safety of other inmates. Because the plaintiff is an incarcerated inmate in the custody of DPS&C, the defendant objects to listing any information which may threaten the security of LSP and/or the safety of other inmates. The defendant is opposed to releasing this information because the release of such poses a threat to the security of the prison and other inmates. This information would include facts and information which could be used by an inmate to undermine the authority of officers in the prison and/or determine the location of other offenders whom the plaintiff desires to harm and/or injure in some manner. Without waiving these objections, see attached, redacted, roster for CBD on November 30, 2012.

**Request for Production No. 14:**
All ARPs filed against the Defendant herein for the time period of three months before and after November 30, 2012.

**Response to Request for Production No. 14:**
The defendant objects to this Request for Production on the grounds that the information requested is not reasonably calculated to lead to the discovery of relevant, material, and admissible evidence. The defendant objects to the request on the grounds that it is vague, overly broad, and unduly burdensome to provide. The requested information is not compiled in a central registry nor is it located in the individual's employee file. Grievance information is contained in the offender/filer's prison record. The defendant further objects on the grounds that the requested information is privileged and confidential. Finally, the defendant objects on the grounds that the requested information is confidential under La. Rev. Stat Ann. 15:574.12. The requested information is unable to be released without written authorization from each offender. Release of such documentation without written authorization constitutes a breach of security.

Defendant has made supplemental productions to this request since the filing of Plaintiff's Motion to Compel and defense counsel's review of this Court's October 24, 2014 ruling in the *Harvey* matter.[4]

---

[4] In his Reply, Plaintiff raises no arguments regarding the sufficiency of these supplemental productions. Instead, Plaintiff marks through the text of Request for Production Nos. 11 and 14 in his brief with black lines. (R. Doc. 42-2 at 2-3). The Court interprets these markings as a withdrawal of Plaintiff's Motion with regard to Request for Production Nos. 11 and 14.

On November 21, 2014, Defendant sent an affidavit from Connie McCann to plaintiff's counsel providing that no ARPs had been filed against Defendant alleging excessive force from August 30, 2012 through February 28, 2013. (R. Doc. 41-8). This response satisfies Request for Production No. 14. Accordingly, Plaintiff's Motion is **DENIED** as moot with respect to Request for Production No. 14.

Plaintiff's initial response to Request for Production No. 11 provided a redacted version of the CBD Daily Tier Roster for November 30, 2012 that removed all DOC numbers. (R. Doc. 41 at 7). On November 24, 2014, Defendant sent an unredacted version of the CBD Daily Tier Roster for November 30, 2012, which provided the redacted DOC numbers. (R. Doc. 41-9; R. Doc. 41 at 7). This response satisfies Request for Production No. 11. Accordingly, Plaintiff's Motion is **DENIED** as moot with respect to Request for Production No. 11.

### C. Requests for Production No. 10

This request asks Defendant to produce his personnel file, including all use of force reports and disciplinary matters contained within that file. Request for Production No. 10, and Defendant's written response, are as follows:

> **Request for Production No. 10:**
> Produce the personnel file for the Defendant, including all use of force reports and disciplinary matters.
>
> **Response to Request for Production No. 10:**
> The defendant objects to this Request for Production on the grounds that the information requested is not reasonably calculated to lead to the discovery of relevant, material, and admissible evidence. The defendant further objects on the grounds that the requested information is privileged and confidential. Finally, the defendant objects on the ground that the requested information is seeking inadmissible character evidence.

Defendant maintains in his Opposition that Plaintiff's request for his personal files is meant to cause potential embarrassment and seeks irrelevant information. (R. Doc. 41 at 6). Defendant

6

requests the Court to conduct an *in camera* inspection of his personal files prior to ordering any production. (R. Doc. 41 at 6).

The law is clear that evidence of other bad acts committed by a defendant is not generally admissible to prove the character of that person or to show that he acted in conformity on a particular occasion. *See* Fed. R. Evid. 404(b)(1). That evidence may be admissible for other purposes, however, as for example to show intent. See Fed. R. Evid. 404(b)(2). In *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), the Fifth Circuit construed Rule 404(b) to mandate a two-step analysis when addressing the admissibility of other bad acts by a defendant:

> First, it must be determined that the extrinsic evidence offense is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

Further, the *Beechum* Court defined how extrinsic offenses may be relevant to proving the intent behind a subsequent action:

> [T]he relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and the charged offense. The reasoning is that because the defendant had unlawful intent in the extrinsic offense[s], it is less likely that he had lawful intent in the present offense.

*Id* at 911. When evidence of extrinsic or other bad acts is sought, its relevance is a function of its similarity to the acts alleged. To be relevant, evidence of other bad acts "in a lawsuit alleging excessive force by law enforcement officers must typically have at least some bearing on how an officer has treated other detainees while carrying out his duties . . . ." *Ellis v. Packnett*, No. 06-33, 2007 WL 2688540, at *11 (S.D. Miss. Sept. 10, 2007).

With that standard in mind, the Court finds Defendant's personnel file, to the extent it contains information or documents concerning use of force reports and disciplinary matters, to be

potentially relevant and discoverable in this case. *See Carson v. Polley*, 689 F.2d 562, 573 (5th Cir. 1982) (Performance evaluations showing "[l]oss of temper and consequent intentional hostility towards other detainees on earlier occasions made it more likely that a similar intent was present in [defendant officer's] conduct towards [plaintiff]" in § 1983 action for excessive force and were therefore relevant.); *O'Neill v. Krzeminski*, 839 F.2d 9, 10-11 (2nd Cir. 1988) (affirming admission of prior judgments against officer that were based on prior similar wrongdoing); *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2nd Cir. 1990) (admitting evidence of officer's similar misconduct towards others).

This Court has previously recognized the "potential security and disciplinary concerns relative to [a plaintiff's] possession (and possible dissemination) of the personnel and disciplinary records of [prison] employees," and expressed its concern when ordering the production of that and similar information. *See Sylvester v. Cain*, No. 11-219 (M.D. La. Sept. 14, 2012), ECF No. 95 at 4. Accordingly, the Court will require Defendant to submit to the Court, for *in camera* inspection, certified copies of any parts of Defendant's personnel records which make reference to alleged instances of improper use of force employed by Defendant against inmates or detainees, and any documentation within Defendant's personnel records reflecting complaints made against Defendant for the alleged improper use of force. Following *in camera* review of Defendant's supplemental response, the Court will determine whether Plaintiff is entitled to any portion of Defendant's personnel records.

Accordingly, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART** with respect to Request for Production No. 10.

**D.     Discovery Disputes Raised in Reply Brief**

Discovery closed in this action on December 1, 2014. (R. Doc. 20). Plaintiff filed his Motion for Leave to File Reply Memorandum in Support of Plaintiff's Motion to Compel on December 9, 2014. (R. Doc. 42). Plaintiff's Reply Brief was entered into the record on December 22, 2014. (R. Doc. 44). In granting Plaintiff leave to file his Reply, the Court stated that arguments unrelated to Defendant's Opposition or claims for additional relief not raised in Plaintiff's Motion to Compel would not be considered. (R. Doc. 43).

Through his Reply, Plaintiff seeks to compel responses to discovery requests not raised in his Motion to Compel filed on November 7, 2014. More specifically, Plaintiff seeks the Court to compel responses to Interrogatory No. 13 and Request for Production No. 13. (R. Doc. 44 at 4-6). The deadline to complete discovery expired prior to Plaintiff's supplemental request to compel discovery responses. Plaintiff has not presented, and the Court does not find, good cause for extending its discovery deadline any further to allow Plaintiff to challenge the sufficiency of discovery responses received on June 12, 2014. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also Elwakin v. Target Media Partners Operating Co., LLC*, 901 F. Supp. 2d 730, 745 (E.D. La. 2012) ("Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief."); *Eitzen Bulk A/S v. Capex Industries, Ltd.*, No. 10-395, 2010 WL 5141257, at *3 (E.D. La. Dec. 13, 2010) ("Since these arguments were first raised in Defendant's Reply brief, this Court will not consider them.").

Accordingly, the request for relief sought through Plaintiff's Reply Memorandum (R. Doc. 44) regarding Interrogatory No. 13[5] and Request for Production No. 13, which the Court finds to be an untimely supplement to Plaintiff's Motion to Compel (R. Doc. 39), is **DENIED**.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 39) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that, on or before January 9, 2015, Defendant shall deliver to the undersigned's chambers the following documents for *in camera* inspection by the Court:

- Any parts of Defendant's personnel records which make reference to alleged instances of improper use of force employed by Defendant against inmates or detainees, and any documentation within Defendant's personnel records reflecting complaints made against Defendant for the alleged improper use of force.

Upon review of this response, the Court will make a determination regarding Plaintiff's entitlement to any information responsive to Request for Production No. 10 as limited above.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37 of the Federal Rules of Civil Procedure, each party shall bear his own costs in bringing and defending the instant motion.

Signed in Baton Rouge, Louisiana, on December 23, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The information specifically requested in Interrogatory No. 13 would likely be covered by the Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant attached his initial disclosures, which were served on Plaintiff on May 16, 2014, to his Opposition. (R. Doc. 41-2). Plaintiff's Reply states that "[t]he Defendants filed an amended 26 (a) with a different list. Ex. 1. The present list does not contain contact information or service information." (R. Doc. 44 at 3). There is no "Ex. 1" attachment to Plaintiff's Reply.