UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL MACK

v.

WARDEN BENJAMIN

CIVIL ACTION

NO. 13-552-JWD-RLB

RULING AND ORDER ON MOTIONS IN LIMINE

This matter comes before the Court on the Motion in Limine filed by Assistant Warden Kevin Benjamin (Doc. 84) and the Motion in Limine to Suppress Testimony and Evidence filed by Michael Mack. (Doc. 92.)  Each motion is opposed. (Docs. 98, 100.) The Court has carefully considered the briefs, law, and facts in the record and is prepared to rule.

I.   Defendant's Motion in Limine (Doc. 84)

**IT IS ORDERED** that Defendant's Motion in Limine (Doc. 84) is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**.  Specifically:

**(A) State Law Claims - DEFERRED.**  Defendant seeks the exclusion of "Any and All evidence that makes reference to State Law Claims."  Defendant argues that there are no state law claims in this suit.  Plaintiff does not respond to this argument.

The Court defers ruling on Defendant's motion.  The Court will (of course) not allow any evidence related to claims that do not exist.  But, as stated, the motion is overly broad and vague. The Court will rule on objections to specific evidence as they arise at trial.

**(B) Policies - DEFERRED.** Defendant seeks the exclusion of all evidence that the Defendant failed to implement or follow certain policies. Yet, in the same brief, Defendant states that the "parties have listed as joint exhibits three and four the Department of Public Safety and Corrections and LSP's use of force policies." (Doc. 84-1, p. 7.)  Plaintiff claims this is relevant to

the issue of qualified immunity.  The Court defers ruling on this issue until trial. *See Granger v. Babin*, No. 12-628, 2014 WL 4211309, at *3 (M.D. La. Aug. 25, 2014).

**(C) Other incidents - DEFERRED.** Defendant seeks to exclude evidence that Warden Benjamin may have been involved in other incidents.  Defendant argues that this evidence is irrelevant.

Plaintiff argues that the evidence is admissible under Fed. R. Evid. 404(b)(2) as evidence of intent.  Plaintiff also claims the evidence is relevant to the issue of punitive damages. *See Cooper v. Morales*, 535 F. App'x 425, 432 (5th Cir. 2013) (per curiam) (unpublished) ("To determine the degree to which conduct is reprehensible, the Supreme Court has instructed [the Court] to consider whether . . . (4) the conduct involved repeated actions or was an isolated incident").

The Court finds that it cannot rule on the admissibility of such evidence at this time and thus defers ruling on this issue until the time of trial.  Counsel for the Plaintiff is prohibited from making reference to any similar incidents in the presence of the jury.  If counsel for the Plaintiff seeks to introduce such evidence, she must alert the Court, outside the presence of the jury, and the Court will then determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or confusing the issues.

**(D) Medical Summary – DENIED.** Defendant seeks the exclusion of the Plaintiff's medical summary.  The defendant argues that (1) it is not authenticated, (2) it was not produced during discovery and no information is provided as to its author, and (3) contains misleading information.  Plaintiff responds that he is "glad to revise the summary with the suggests [sic] made by Warden Benjamin."

Defendant's motion is denied.  The summary need not have been produced during discovery.  *See* 31 Victor James Gold, *Federal Practice & Procedure* § 8045 (1st ed. 2015) ("Rule 1006 provides that only the underlying documents, not the summaries themselves, must be produced to the opposing party." (quoting *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 30 (1st Cir. 2011))); *see also* 7 Michael H. Graham, Handbook of Federal Evidence § 1006:1 (7th ed. 2015) ("Rule 1006 states that a summary's underlying records must have been made available to the opponent for inspection, but it does not state that the summary itself must be produced in discovery . . . (citations omitted) [Appellant] has not cited, nor have we found, any case law requiring a rule 1006 summary to be produced in discovery . . .) (quoting *Shaw v. Lemon*, 427 S.W.3d 536, 544–45 (Tex. App. 2014))).

Further, the Fifth Circuit has recognized that "Rule 1006 is 'a special exception to the hearsay rule,' and does not require an authenticating witness." *Right of Way Maint. Co. v. Gyro-Trac Inc.*, 303 F. App'x 229, 230 (5th Cir. 2008) (unpublished) (per curiam) (quoting Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 1006.05[4] (Joseph M. McLaughlin ed., 2d ed.2007)).

Finally, Plaintiff has stated that he will correct the deficiencies in the summary.  For this and the above reasons, Defendant's motion is denied. The parties are instructed to confer prior to trial to correct the perceived deficiencies per Plaintiff's offer.

**(E) Statute and Regulation - GRANTED.** Defendant seeks the exclusion of Plaintiff's Exhibits 2 and 3, identified as La. Rev. Stat. 15:829 and La. Admin. Code tit. 22, § 3309. Section 15:829 allows for the issuance of regulations on good order and discipline of inmates, and Section 3309 deals with discipline of inmates.  Plaintiff claims this information is relevant to

the issue of qualified immunity. The Court finds that a statute and regulation are not proper evidence, so these exhibits are excluded.

II.     **Plaintiff's Motion in Limine to Suppress Testimony and Evidence (Doc. 92)**

**IT IS ORDERED** that Plaintiff's Motion in Limine to Suppress Testimony and Evidence (Doc. 84) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**. Specifically:

**(A) Disciplinary and Investigative Reports – GRANTED IN PART AND DEFERRED IN PART.** Plaintiff seeks the exclusion of Defendant's Exhibits 1 and 2 (disciplinary reports) and Exhibits 3 and 4 (investigative reports). Defendant argues the disciplinary and investigative reports are relevant. Defendant also seeks to introduce pictures attached to the investigative reports.

> This Court has said the following about such disciplinary reports:
>
> Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under [Fed. R. Evid.] 801(c) of the Federal Rules of Evidence. While they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(c), which allows for the admission of "factual findings resulting from an investigation made pursuant to authority granted by law", this exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." In making the "trustworthiness" determination, the focus is on the reports' reliability, i.e., on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon. *Moss v. Ole South Real Estate, Inc*., 933 F.2d 1300 (5th Cir.1991). Further, such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein. *Cf., Martin v. Strain*, 2009 WL 1565869 (E.D. La., June 2, 2009) ("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the inmate and deputy witnesses to the incident, which are contained in the reports, they are not admissible."). This Court has often concluded that disciplinary reports prepared by prison security officers who are named as defendants in litigation do not fit within the exception of Rule 803(8)(c) because they are often self-serving and are inherently untrustworthy.

4

*Abbott v. Babin*, No. 12-631, 2014 WL 173742, at *2 (M.D. La. Jan. 13, 2014) (quoting *Johnson v. Cain*, 2011 WL 2437608, at *2 (M.D. La. June 17, 2011)).

This Court will follow the same rule. The disciplinary reports are excluded because they are hearsay and because their conclusions are inherently unreliable. However, the authors of the reports "may certainly testify as to what they personally observed [on the day of the incident], as to what they were told by the plaintiff (as non-hearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with [any] disciplinary violation . . . on that date, and as to matters within their personal knowledge." *See id.* (citation and alterations omitted).

As to the investigatory reports, the Court defers ruling on these documents. Neither party has attached the reports, so the Court cannot review them. The Court does note the following. First, any hearsay statements within the reports are inadmissible. *See id.* (citation omitted).

Second, Fed. R. Evid. 803(8)(c) excepts from the hearsay rule "factual findings resulting from an investigation made pursuant to authority granted by law" if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Here, Defendant has not demonstrated that the investigative report contains factual findings from an investigation "made pursuant to authority granted by law." Without such a showing, even the factual findings of the report are inadmissible hearsay. *See id.*

Third, the photos allegedly attached to the report would not be hearsay; if these documents were produced during discovery and if the Defendant can properly authenticate the pictures, they will be admissible.

And fourth, as with the disciplinary reports, the authors of the investigative reports "may certainly testify as to what they personally observed . . . , as to what they were told by the plaintiff (as non-hearsay admissions by a party-opponent), as to the fact that the plaintiff was

5

charged with [any] disciplinary violation . . . , and as to matters within their personal knowledge." *Abbott*, 2014 WL 173742, at *2 (citations omitted).

### (B) Untimely Documents – GRANTED IN PART AND DEFERRED IN PART.

#### *(1) Parties' Arguments*

The heart of Plaintiff's motion is that Defendant did not produce Exhibits 8 through 16 during discovery. Plaintiff argues that these exhibits were not produced until October 15, 2015, which was the day the pretrial order was filed and which was one and a half months before trial. Plaintiff notes that the Court's Scheduling Order (Doc. 20) provided that the deadline for completing all discovery was October 30, 2014, and that the Court would only modify the time limits "upon a showing of good cause." (*Id.*) Plaintiff further claims that Defendant violated Fed. R. Civ. P. 26(a)(1) by not supplementing his initial disclosures with a description of these documents and that, consequently, Rule 37 prohibits the use of them.

Defendant begins by stating that he provided Supplemental Responses to Plaintiff's First Interrogatories and Request for Production on October 12, 2015, not October 15, 2014. Defendant then responds by stating this Court previously held that production was not required until the pretrial conference. Specifically, in the Court's Ruling on Plaintiff's Motion to Compel (Doc. 45), the Court evaluated Plaintiff's Request for Production No. 4, which stated, "Please produce any exhibits which you may offer at the trial of the matter." The Court held:

> Request for Production No. 4 seeks production of the exhibits that Defendant may offer at trial. Defendant properly objected to this discovery request. If this action goes to trial, the Court will order the parties to provide an exhibit list through an appropriate pre-trial order. Accordingly, Plaintiff's Motion is DENIED with respect to Request for Production No. 4.

(Doc. 45, p. 4).

6

As to Exhibit 8 (Pictures of Plaintiff), Defendant argues that the Plaintiff requested these documents on October 12, 2015 (See Doc. 100-1), and listed these documents in his Pretrial Order as Exhibit 4.  Defendant also complains that Plaintiff sent him an exhibit to be used at trial on October 12, 2015.  As to Exhibit 12 (the LSP Use of Force Policy), the Defendant claims this is a joint pretrial exhibit.

Defendant provides a description of the relevant initial disclosures provided May 16, 2014, and the updated ones provided on October 13, 2015.  The October 13, 2015, initial disclosures provide substantially more documents than the first one and include the documents at issue.  Lastly, the Defendant notes that the Plaintiff supplemented his initial disclosures on October 12, 2015.

*(2) Analysis*

The Court makes the following ruling on the exhibits at issue:

**(a) Defendant's Exhibits 8 and 9 - Photos taken of Plaintiff at Treatment Center on November 30 – DEFERRED.**  The record is unclear about these photographs.  The Defendant is correct that the Plaintiff listed as an exhibit in his pretrial order "Certain Photos taken of Michael Mack at the Treatment Center 11/30/12." (Doc. 73, p. 6).  It is unclear whether these photos were produced by the Defendant in October of 2015.  If they were, it would be fundamentally unfair for the Plaintiff to cherry pick some photos from the October 2015 production for use at trial but object to the use of others.  On the other hand, Plaintiff may be referring in his pretrial order to photos produced before the discovery cutoff.

Furthermore, it is also unclear whether these documents were listed in the May 2014 initial disclosures.  That is, Defendant listed Plaintiff's medical records in his May 2014 initial

7

disclosures (See Doc. 100-7, p. 3) as a document he would use, but it is unclear whether these photographs are medical records.

Given this lack of clarity, the Court cannot rule on the admissibility of these exhibits at this time. The Court will hear argument on this issue before trial and make a determination at that time.

**(b) Defendant's Exhibit 8 (Diagram of the CBD Lower Right Unit), Exhibit 9 (Pictures of the CBD Lower Right Unit), and Exhibit 13 (Kevin Benjamin's Training Records) – GRANTED.**

These documents were not mentioned in the Defendant's May 2014 initial disclosures. Moreover, they were not produced by the Defendant until October 2015, in violation of the Scheduling Order.

The Fifth Circuit has set forth the following analysis to use when deciding whether to allow the use of such documents:

> Fed.R.Civ.P. 37(c)(1) . . . provides that a party cannot offer, at trial, documents that have not been disclosed in accordance with Fed R. Civ. P. 26. Rule 37(c)(1) provides that a party who fails to disclose such information "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." . . .
>
> In evaluating whether a violation of rule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401-02 (5th Cir. 2003) (citations omitted). The Court examines the same four factors in determining whether to exclude evidence as a means of enforcing a pretrial order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990).

The Court finds that the above factors weigh in favor of excluding this evidence. The Defendant has made no showing that this evidence is important, other than to say in a conclusory fashion that it is. Moreover, the Plaintiff would be prejudiced by the use of these documents, and the Court will not allow for another continuance, even to cure the problems caused by the late disclosure. Additionally, Defendant's explanation for not disclosing or previously producing the documents is a misinterpretation of the Court's previous ruling. The Court denied the motion to compel on the grounds that the Court would require an exhibit list; however, the Court's ruling never stated that the Defendant could produce documents after the discovery cutoff. The Scheduling Order clearly set out the deadline for discovery, and the Defendant violated that order.

Defendant's argument that the Plaintiff also violated the Scheduling Order is unavailing. Defendant points to two types of evidence Plaintiff seeks to use despite an untimely disclosure – the statute and the photographs of the Plaintiff from the medical center. However, the Court addressed the admissibility of these documents above – the statute is inadmissible, and the photos of the Plaintiff will only be allowed if the Defendant can also use the photos. Thus, Defendant's "he did it too" argument is not persuasive.

In sum, Plaintiff's motion with respect to these documents is granted. Exhibits 8, 9, and 13 are excluded.

**(c) Defendant's Exhibit 14 (Plaintiff's Incentive Pay Log), and 15 (Plaintiff's Location Sheet) – GRANTED**. Defendant includes in his May 2014 initial disclosures "Warden's Unusual Occurrence Reports, disciplinary reports, *logs*, investigations, statements, and any other report, documentation, photograph, surveillance video, or otherwise, *produced in*

9

*connection with the events made a part of this lawsuit.*" (emphasis added).  Thus, these exhibits were arguably (though not necessarily) mentioned in the May 2014 initial disclosures.

Nevertheless, these documents were still not produced during discovery, in violation of the Scheduling Order.  For the reasons articulated above, the Court finds that these exhibits are inadmissible.

**(d) Defendant's Exhibit 16 (LSP's Use of Force Policy) – DENIED.**  Plaintiff objects to "LSP's Use of Force Policy, 09.002."  However, the same exhibit is listed as a joint exhibit on the Pretrial Order. (*See* Doc. 73, p. 7).  Thus, this issue is denied as moot.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine (Doc. 84) is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**, and

**IT IS ORDERED** that Plaintiff's Motion in Limine to Suppress Testimony and Evidence (Doc. 84) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**.

Signed in Baton Rouge, Louisiana, on November 20, 2015.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**